IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MILTON R. WHITAKER, | } | |
| Plaintiff, | } | |
| v. | } | Case No.: CV 03-P-2832-S |
| DONALD L. EVANS, | } | |
| Defendant. | } | |

**ENTERED**
JUN 1 4 2004

## MEMORANDUM OPINION

The court has before it Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docs. # 2-1, 2-2) filed December 15, 2003. Plaintiff's complaint alleges that he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. # 1).

By order dated January 16, 2004, the court issued a briefing schedule for the motion and set February 5, 2004, as the date for Plaintiff to file an opposition to the motion. (Doc. # 8). On January 27, 2004, Plaintiff filed a motion for appointment of counsel. (Doc. # 10). Although the court denied the request for appointed counsel, it nevertheless stayed the case for 90 days in order to permit the Plaintiff time to seek counsel. (Doc. # 11). At the conclusion of the 90 day period, court records reflected that the Plaintiff was proceeding *pro se* in this matter (as is the case as of the date of entry of this order). Accordingly, on May 20, 2004, the court provided Plaintiff another opportunity to file an opposition to the motion, advised Plaintiff that the court may convert the motion to one for summary judgment under Rule 56 because the Defendant submitted for consideration evidence outside the pleadings, and notified the Plaintiff of his right to file affidavits or other materials in opposition to the motion and of the consequences of default, as outlined in

*McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993). (Doc. # 12). Pursuant to the court's May 20, 2004 order, (Doc. # 12), Plaintiff was to submit any opposition brief(s) to the above-referenced motion by June 2, 2004.

As of the date of entry of this order, the court has not received any opposition from Plaintiff to the pending motion. The court's May 20, 2004 order cautioned the Plaintiff that, "If no response is filed by June 2, 2004, the Plaintiff is advised that the court will take the motion under submission at that time and may dismiss the case if appropriate." (Doc. # 12).

The motion being under submission, the court treats Defendant's motion as one for summary judgment under Rule 56 because Defendant attached matters outside the pleadings which the court has considered in its analysis.[1] Accordingly, for the reasons outlined below, the court grants Defendant's Motion for Summary Judgment and enters judgment in favor of the Defendant.

I.  **Summary Judgment Standard**

Summary judgment is an integral part of the Federal Rules of Civil Procedure and is the prescribed manner by which claims which do not involve genuine issues of material fact should be resolved. Fed. R. Civ. P. 56. The fact that the parties do not agree on every fact is not significant. The law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if "the evidence is such that a

---

[1] Rule 12(b) provides: "If on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Automobile Ins. Co. of Hartford, Conn*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985).

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251. Whether a fact is material is determined by the substantive law applicable to a particular case. *See Anderson*, 477 U.S. at 248. Although the nonmovant is entitled to justifiable inferences from the undisputed facts, he cannot rest upon his pleadings. Rule 56(e) provides,

> When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## II. <u>Relevant Undisputed Facts</u>

The undisputed facts relevant to the court's analysis are as follows. On January 19, 2000, Plaintiff was hired as a temporary Office Operations Supervisor ("OOS") in the Birmingham Local Census Office ("Birmingham LCO"), a local office of the Bureau of the Census, United States Department of Commerce. (Doc. # 4, U.S. Department of Commerce Report of Investigation ("ROI"), Ex. 20). As part of his initial training, Plaintiff received the Office Supervisory Census Employee Handbook ("Handbook") which prohibits discrimination based on age and provides, as outlined in 29 U.S.C. § 633a and 29 C.F.R. §§ 1614.201, 1614.105(a)(1), 1614.107(a)(2), "If you believe you have been discriminated against . . . you may pursue a complaint through the Census Bureau's EEO complaint process. You must contact the EEO Office within 45 calendar days from the date of the matter you allege is discriminatory or, in the case of personnel action, within 45 calendar days from the effective date of the action." (Doc. # 4, Exs. 5, 6). As a supervisor, Plaintiff was trained on the EEO complaint process, and an EEO poster displaying the same information is posted in plain view in various locations throughout the Birmingham office. (Doc. # 44, Exs. 5,6).

3

In early February 2000, due to performance and attendance problems, Plaintiff was informed that either he could accept a demotion from temporary OOS to temporary Clerk or his temporary employment as an OOS would be terminated. (Doc. # 4, Ex. 5; ROI, Ex. 20). Plaintiff chose the former, and on February 6, 2000, Plaintiff was converted to a temporary Clerk position. (Doc. # 4, ROI, Ex. 20).

On February 20, 2000, Plaintiff's temporary employment as a Clerk was terminated for failure to report to work. (Doc. # 4, ROI, Exs. 15, 17, 20). Shortly thereafter, the Birmingham LCO determined that Plaintiff lived outside the geographic boundaries of the Birmingham LCO and therefore was never eligible to work for the Birmingham LCO. (Doc. # 4, ROI, Exs. 7, 15; Ex. 5).[2] Although Plaintiff requested rehire as a Clerk, the Birmingham LCO informed him that he was ineligible for rehire due to the geographic residency requirement. (Doc. # 4, ROI, Exs. 7, 15, 21; Ex. 5).

At some point after Plaintiff was demoted, he contacted the Area Manager over the Birmingham LCO to discuss the employment decisions made by the Birmingham LCO. (Doc. # 4, ROI, Ex. 7).[3] The Area Manager determined that Plaintiff voluntarily resigned his OOS position and was terminated from his Clerk position because he voluntarily abandoned the position. (Doc.

---

[2] Recruitment policies for the 2000 Decennial Census provided that only individuals residing within the geographic boundaries of an LCO could be selected for employment. (Doc. # 4, ROI, Exs. 22, 16-19).

[3] Plaintiff's testimony about when he contacted the Area Manager is conflicting. At one point, Plaintiff claims that he contacted her right after his February 6, 2000 demotion from OOS. (Doc. # 4, ROI, Ex. 15). Later, Plaintiff claimed that the contacted her after the February 20, 2000 termination of his temporary employment as a Clerk. (Doc. # 4, Ex. 13). For purposes of this opinion, the court will assume that Plaintiff contacted the Area Manager to grieve both his demotion and his termination.

4

# 4, ROI, Ex. 7).

Later, on July 7, 2000, Plaintiff orally complained to the United States Department of Commerce EEO office ("Commerce EEO office") that his temporary employment had been terminated because of his age. (Doc. # 4, ROI, Exs. 1, 7). On July 20, 2000, the Commerce EEO office mailed a notice to Plaintiff advising him of alternative methods to proceed with his complaint. The "Notice of Complainant's Rights and Responsibilities" ("Notice") informed Plaintiff of his rights either to file a formal written administrative complaint with the Commerce EEO office or to "file a notice of intent to sue . . . and a lawsuit under the ADEA instead of using the EEO complaint system if you alleged age discrimination." (Doc. # 4, ROI, Ex. 1). Complainants who opt not to use the EEO complaint system must file a notice of intent to sue "not less than thirty days" before the civil action is filed and "within 180 days of the alleged unlawful practice of age discrimination." (Doc. # 4, ROI, Ex. 1).

On July 24, 2000, Plaintiff received a "Notice of Right to File Within 15 Calendar Days" ("Administrative Notice") informing Plaintiff that the time to file an administrative complaint had begun to run once he received the notice. (Doc. # 4, ROI, Ex. 2). On July 31, 2000, Plaintiff filed a formal complaint with the Commerce EEO office alleging that his demotion and termination were based on his age. (Doc. # 4, ROI, Exs. 3, 6). The complaint was transmitted to the Washington Field Office of the EEOC for investigation and it accepted the following issues for investigation: "The Complainant . . . alleges that he was discriminated against due to his age when he was asked to take a demotion or be terminated and then later terminated because he did not live in the jurisdiction." (Doc. # 4, ROI, Exs. 9, 11).

On March 27, 2001, the Department of Commerce issued a Report of Investigation and informed Plaintiff that, within 30 days of receipt of the letter, Plaintiff could request a hearing before an EEOC Administrative Judge or request a Final Decision from the Department of Commerce. (Doc. # 4, Ex. 10). If no option was chosen, a Final Decision would be rendered. (Doc. # 4, Ex. 10).

On July 20, 2002, Plaintiff requested a Final Decision, (Doc. # 4, Ex. 11), and the Final Decision was issued on February 26, 2003. (Doc. # 4, Ex. 12). The Final Decision dismissed the EEO complaint because Plaintiff did not contact an EEO counselor within 45 days of the alleged discriminatory action (as required by 29 C.F.R. § 1614.107(a)(2)). (Doc. # 4, Ex. 12).

On March 22, 2003, Plaintiff appealed the Final Decision to the EEOC, Office of Federal Operations (EEOC-OFO), claiming that he was not aware of the 45-day time limit to file a complaint. (Doc. # 4, Ex. 13). When the Department of Commerce received notice of Plaintiff's appeal, it issued a second Final Decision– this time on the merits of Plaintiff's age discrimination claim– and found that he failed to establish a *prima facie* case of discrimination and that regardless, the Birmingham LCO had legitimate nondiscriminatory reasons for their decisions which Plaintiff failed to show were based on age. (Doc. # 4, Ex. 14).

On July 15, 2003, the EEOC-OFO affirmed the Agency's Final Decision and, on the merits of Plaintiff's case, found no evidence of discrimination on the basis of age.[4]

On October 17, 2003, Plaintiff filed a civil action in this court under the ADEA alleging

---

[4] The EEOC-OFO only considered the Final Decision on the merits rendered by the Department of Commerce and made no finding with respect to the 45-day timeliness issue. (Doc. # 4, Ex. 14).

6

that the United States Department of Commerce discriminated against him on the basis of age.[5]

## IV. Discussion

The law is clear that a federal employee must exhaust his administrative remedies before pursuing an employment discrimination claim. 29 C.F.R. § 1614.105(a)(1); *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976). Under the ADEA, a federal employee has two administrative alternatives to filing a complaint against his employer. First, the employee may pursue an administrative remedy by filing a formal complaint with the EEO office of his employer, although the employee must initiate contact with a counselor *within 45-days of the alleged discriminatory act*. 29 U.S.C. § 633a; 29 C.F.R. §§ 1614.201, 1614.105(a)(1), 1614.107(a)(2); *Ray v. Nimmo*, 704 F.2d 1480, 1483 (11th Cir. 1983). Alternatively, the employee may bypass the administrative investigative process and instead file a "Notice of Intent to Sue" with the EEOC (no later than 180 days after the alleged discriminatory act but at least 30 days before filing suit) followed by the filing of a civil complaint in federal court 90 days after the Notice of Intent to Sue (in addition to the 30 day waiting period before suit can be filed). 29 U.S.C. § 633a; 29 C.F.R. § 1614.201; *Nimmo*, 704 F.2d at 1483; *Edwards v. Shalala*, 64 F.3d 601 (11th Cir. 1995). If the employee opts to pursue the administrative investigative process and is subsequently denied relief, he can institute a civil action at that time; however, once the employee avails himself of the administrative remedy, he must exhaust that remedy before pursuing civil action. *See Burzynski v. Cohen*, 264 F.3d 611, 617 (6th Cir. 2001); *Purtill v. Harris*, 658 F.2d 134, 135 (3d Cir. 1981).

---

[5] Although Plaintiff's complaint includes references to "sexual harassment and retaliation," "Title VII," and the "Family Medical Leave Act," these seem to be in error given that the complaint's factual allegations and the one alleged cause of action refer solely to his claim of age discrimination. (Doc. # 1). Moreover, Plaintiff did not raise any of these issues in the pre-complaint process, the formal EEO complaint, or at any time during the administrative process.

In this case the undisputed facts indicate that Plaintiff opted to pursue the administrative investigative process by filing a complaint with the EEOC through the Commerce EEO office. It is undisputed that Plaintiff did not contact an EEO counselor until July 7, 2000 – almost five (5) months after the February 20, 2000 effective date of his termination and well beyond the 45-day limitation period under 29 C.F.R. § 1614.105(a)(1). Moreover, even if this court were to assume (contrary to the undisputed evidence) that Plaintiff never intended to pursue an administrative remedy, his complaint would nonetheless be untimely because he did not file a Notice of Intent to Sue with the EEOC nor did he file his judicial complaint within 180 days of the alleged discriminatory employment action. Rather, the complaint in this case was filed in July 2003 – three and one-half years after the Plaintiff was terminated in February 2000. Accordingly, the court finds that because Plaintiff's administrative complaint was untimely filed, he failed to exhaust his administrative remedies under the ADEA before filing a complaint in federal court. Regardless, even assuming Plaintiff intended to bypass the administrative process in order to seek a judicial remedy, his complaint in this court was untimely as well.

Because the undisputed facts indicate that Plaintiff's complaint fails on procedural grounds,[6]

---

[6] Although lack of notice of the 45-day filing limitation, lack of knowledge that the personnel action occurred, or inability to contact a counselor because of outside circumstances may equitably excuse a complainant who has failed to meet the filing deadlines, none of those circumstances apply in this case. *See* 29 C.F.R. § 1614.105(a)(2). Although Plaintiff claimed, during the administrative process, that he should be excused from complying with the 45-day limit because he was allegedly unaware of it at the time of the personnel actions at issue, (Doc. # 4, ROI, Ex. 7), the undisputed facts indicate otherwise. (Doc. # 4, Ex. 12). Plaintiff not only received the Birmingham LCO Handbook outlining the process for filing a complaint and the time limitations, but Plaintiff was a supervisor trained in the EEO complaint process and could easily view any of the EEO posters containing that information. (Doc. # 4, Ex. 5-6). Because information about the deadlines was provided and readily available to Plaintiff in a number of forms, Plaintiff "is estopped from asserting ignorance as an excuse for late filing." *Howell v. Dep't of the Army*, 975 F.Supp. 1293, 1299-1200 (M.D. Ala. 1997), *aff'd without opinion*, 130 F.3d 445 (11th Cir. 1997). There is no basis for

summary judgment is appropriate for that reason alone and the court need not reach the merits of Plaintiff's claims.[7]

## V. Conclusion

For the reasons outlined above, the court determines that Defendant's motion for summary judgment is due to be granted. A separate order shall be issued.

**DONE** this ___14th___ day of June, 2004.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

equitable tolling in this case.

[7] The court notes that, even if Plaintiff *had exhausted* his administrative remedies, summary judgment would nonetheless be appropriate on the merits of Plaintiff's claim for the two alternative reasons set forth in the Department of Commerce's "Final Decision" on the merits. (Doc. # 4, Ex. 14). First, Plaintiff (who was 59 years old both when he was hired in January 2000 and when he was terminated one month later) cannot establish a *prima facie* case of age discrimination because he alleges that he was replaced by a male who was, according to Plaintiff's testimony, "about 52." Moreover, Plaintiff cannot identify any similarly situated individuals under the age of 40 who were treated more favorably than he was. (Doc. # 4, Ex. 14). Second, Defendant proffered legitimate, nondiscriminatory reasons for Plaintiff's demotion and ultimate termination which Plaintiff has not demonstrated were a pretext for age discrimination. The undisputed facts indicate that Plaintiff's job performance was poor and that Plaintiff was never eligible for employment because he lived outside the geographic boundaries of the Birmingham LCO. (Doc. # 4, Ex. 14). Although Plaintiff identified other individuals (also above the age of 40) whom he claims were allowed to work at the Birmingham LCO even though they live outside of its geographic boundaries, Plaintiff himself stated his belief that those persons were treated more favorably because they "had worked previously for the Census"– not because of their age. (Doc. # 4, ROI, Ex. 10). Accordingly, summary judgment is also due to be granted because there is no indication from the undisputed facts that age played a role in the employment decisions at issue.